# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PNC FINANCIAL SERVICES GROUP, INC., and NATIONAL CITY BANK,**

      **Plaintiffs,**

-vs-                                              Case No. 6:09-mc-140-Orl-GAP

**FLORIDA LIFESTYLE HOMES OF VOLUSIA, INC.,**

      **Defendant.**

## ORDER

This matter comes before the Court on the Motion to Withdraw the Reference (Doc. 2) filed by the Plaintiffs (who are the Defendants in the adversary proceeding now before the Bankruptcy Court), PNC Financial Services Group, Inc. and National City Bank (henceforth, collectively, the "Banks"). The Banks seek withdrawal of the reference of an adversary proceeding filed against them by the debtor, Florida Lifestyle Homes of Volusia, Inc. ("Florida Lifestyle").

The Banks base their motion on an argument that Counts I and II of the complaint would "require significant interpretation of the Bank Holding Company Act and National Banking Act . . . particularly given the nature of the factual allegations on which [Florida Lifestyle] predicates those claims." (Doc. 2 at 2). The Banks also contend that all of the claims asserted by Florida Lifestyle are non-core, and that if Counts I and II are transferred to this court, the remaining state

law claims that make up the complaint should also be transferred here in the interest of judicial economy. (Doc. 2 at 1-3).

However, the Banks have not included a copy of the adversary proceeding complaint in the record in this case. Given that the Banks bear the burden of establishing that this case ought to be withdrawn, this should be fatal to their motion. However, in the interest of heading off a motion for reconsideration, the Court used PACER to review the complaint in the adversary proceeding.

After reviewing that document, the Court finds nothing to suggest that resolution of either claim would require "significant interpretation" of the Bank Holding Company Act or the National Banking Act. In Count I, Florida Lifestyle contends that the Banks required it to obtain other property or services in order to obtain extensions of credit, and that these "tying arrangements" violated the Bank Holding Company Act. In Count II, Florida Lifestyle contends that it was improperly charged interest by way of misappropriations, improper escrows, hold-backs and the like, in violation of the National Bank Act. Even assuming that this Court is in a better position to interpret these statutes than the Bankruptcy Court (a dubious proposition), there is no obvious reason that either of these claims would require such an effort. Accordingly, it is hereby

**ORDERED** that the Motion to Withdraw the Reference (Doc. 2) is **DENIED**. The Clerk is directed to close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 21, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party